IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IVAN L. MENDEZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No. 08-243-JJF |
| LATISHA M. REED, | : | |
| Defendant. | : | |

Ivan L. Mendez, Pro se Plaintiff, James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

November 18, 2008
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and has been given leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 6.)

For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. 28 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Plaintiff will be given leave to amend.

I. BACKGROUND

Plaintiff's Complaint is difficult to understand. However, it is clear that Plaintiff filed his claim pursuant to 42 U.S.C. § 1983. He filed this lawsuit against Defendant Latisha M. Reed ("Defendant") for all the assaults, robberies, abuses, damages, and attempts to kill him. (D.I. 2.) He alleges that, while was housed at the Sussex Correctional Institution, Defendant sent "people" from the Howard R. Young Correctional Institution to kill him. Apparently, an attempt on his life occurred when a fellow inmate threw urine on him and this caused an infection. In his Amended Complaint, Plaintiff reiterates that Defendant is

2

sending people to kill him. (D.I. 4.) The Complaint and its Amendment also discuss many other individuals, none of whom are named as Defendants.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief, in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

4

expectation that discovery will reveal evidence of' the necessary element." Id. at 234. However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

Plaintiff filed his Complaint pursuant to § 42 U.S.C. 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)).

It is unclear in reading the Complaint and its Amendment if Defendant is a state actor. Additionally, there is no indication

when the alleged acts occurred.  Finally, the Court cannot say the throwing urine on an individual is considered an attempt on one's life.  Therefore, the Court will dismiss the Complaint and its Amendment as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b)(1).

**IV.   CONCLUSION**

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Plaintiff will be given leave to file an Amended Complaint.  An appropriate Order will be entered.